IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **CHRISTOPHER MCGEE,** | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:20-00360 |
| **WARDEN C. MARUKA,** | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be either (1) construed as a Section 2255 Motion and transferred to the United States District Court for the Northern District of Iowa, or (2) dismissed.

**FACT AND PROCEDURE**

A.  **Criminal Action No. 1:16-cr-00052:**

On August 10, 2016, Petitioner pled guilty in the United States District Court for the Northern District of Iowa to two counts of possession of a firearm and ammunition by a felon in violation of 18 U.S. §§ 922(g)(1) and 924(a)(2) (Counts One and Two). McGee v. United States, Case No. 1:16-cr-00052 (S.D.Ia. May 11, 2017), Document Nos. 18 – 20. On December 15, 2016, the District Court sentenced Petitioner to a total term of 168-months of imprisonment, to be followed by a two-year term of supervised release. Id., Document No. 41.

On December 20, 2016, Petitioner filed his Notice of Appeal. Id., Document No. 46. On

February 8, 2017, the parties filed a Join Motion for Remand and Resentencing. United States v. McGee, Case No. 16-4502 (8th Cir. 2017). In support, the United States stated that "[a]fter defendant filed his Notice of Appeal, the undersigned Assistant United States Attorney became aware that, prior to the sentencing hearing, an agent with the federal law enforcement agency had conducted a recorded interview of one of the government's sentencing witnesses." Id. The United States acknowledged that the foregoing could implicate the Jencks Act, and therefore, requested that the case be remanded to the District Court for resentencing. Id. By Judgment filed on February 9, 2017, the Eighth Circuit granted the parties' joint Motion to Remand. McGee, Case No. 1:16-cr-00052, Document No. 57. On May 10, 2017, the District Court resentenced Petitioner to the same sentence as imposed above. Id., Document No. 73.

On May 17, 2017, Petitioner filed his Notice of Appeal. Id., Document No. 75. In his appeal, Petitioner argued that the District Court erred in determining the base offense level, by imposing three sentencing enhancements, and in granting a continuance of the sentencing hearing. On May 18, 2018, the Eighth Circuit affirmed Petitioner's sentence. Id., Document Nos. 89 and 90; United States v. McGee, 890 F.3d 730 (8th Cir. 2018).

**B.     Instant Section 2241 Petition:**

On May 26, 2020, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Civil Action No. 1:20-00360, Document No. 1.) In his Petition, Petitioner challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Petitioner alleges that when he "pled to his 18 U.S.C. § 922(g) convictions, Counts 1 and 2, the Eighth Circuit was only requiring the government to prove (1) a defendant's status of a convicted felon, and (2) knowing possession of a firearm." (Id.) Petitioner argues that his Section 922(g) convictions are invalid because "at the time of the Petitioner's sentencing, the government did not prove that he knew he had the relevant status now required by the Supreme Court." (Id.) Petitioner explains that during his plea of guilty in 2016, "the government only proved 2-elements (1) that the petitioner was a convicted felon, and (2) that he knowingly had possession of a firearm, which again, after that June 21, 2019, Supreme Court ruling held in Rehaif, those two bases no longer support a valid 18 U.S.C. § 922(g) conviction." (Id.) Petitioner argues that he can satisfy the requirements of the "savings clause" because he can demonstrate that Section 2255 is inadequate and ineffective to test the legality of his detention. (Id.) Specifically, Petitioner explains that he believes he "only had one (1) year from May 18, 2018, therefore, no later than May 18, 2019, to file his first § 2255 Petition." (Id.) Petitioner concludes he could not have timely raised his Rehaif claim in a Section 2255 Motion because United States Supreme Court did not decide Rehaif until June 21, 2019. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific

grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction as imposed by the Northern District of Iowa. Specifically, Petitioner alleges that his Section 922(g) convictions are invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and

had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Iowa. A Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner. Thus, Petitioner's instant Petition should be construed as a Section 2255 Motion and transferred to the Northern District of Iowa because Petitioner has not yet proceeded under Section 2255 in the sentencing Court. Based upon a review of case law within the Eighth Circuit, it is possible that Petitioner's Section 2255 Motion would be considered timely upon the construing of Petitioner's instant Section 2241 Petition as a Section 2255 Motion and transferring such to the sentencing Court. At least two district courts in the Eighth

Circuit have determined that Rehaif applies retroactively. See Harrison v. United States, 2021 WL 872593, * 5 (E.D.Mo. March 9, 2021); United States Bugh, 459 F.Supp.3d 1184, 1189 (D.Minn. May 11, 2020); but see McCray, 2020 WL 8254438, * 5 (E.D.Ark. March 25, 2020)(collecting cases)(*Rahaif* is not retroactively applicable to cases on collateral review). The Supreme Court decided Rehaif on June 21, 2019, and Petitioner filed his instant Petition less than one year later (May 26, 2020).[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate

---

[2] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to

this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and Eighth Circuit[4] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[4] Petitioner was convicted in the Eighth Circuit, therefore, the substantive law of the Eighth Circuit controls.

cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) convictions should be overturned in light of Rehaif.[5] Petitioner, however, cannot satisfy the second prong of either the Jones or Wheeler test. Specifically, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. The undersigned notes that Petitioner could have pursued this Rehaif claim in a timely Section 2255 Motion. The Supreme Court decided Rehaif on June 21, 2019. Even assuming Rehaif is not retroactive under Section 2255(f)(3), Petitioner had until August 17, 2019 to file a timely Section 2255 Motion pursuant to Section 2255(f)(1). See Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004)(finding that a federal prisoner is prohibited from seeking *habeas* relief where the prisoner had "an unobstructed procedural opportunity to

---

[5] Although Petitioner argues that his Section 922(g) convictions are invalidated by *Rehaif*, the undersigned finds that *Rehaif* did not decriminalize the underlying conduct that Petitioner was charged and convicted. *See Deandre v. Adams*, 2021 WL 932024, * 4 (N.D.W.Va. March 11, 2021)(collecting cases)(finding that "petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law"); *McCray v. United States*, 2020 WL 8254438, * 5 (E.D. Ark. March 25, 2020)(finding there was "nothing about *Rehaif* to suggest that [petitioner] may have been convicted of a nonexistent offense"); *Swindle v. Hudgins*, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Moss v. Dobbs*, 2019 WL 7284989, * 9 (D.S.C. Sept. 23, 2019)(finding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *proposed finding and recommendation adopted by* 2019 WL 5616884 (D.S.C. Oct. 21, 2019). Furthermore, *Rehaif* addressed the elements the government had to prove at trial to establish a defendant's guilt under Section 922(g). A review of Petitioner's underlying criminal proceedings reveal that Petitioner pled guilty to two counts of Section 922(g), thereby conceding the United States had proved its case. In the Superseding Indictment, Petitioner was charged with "then being a felon, did knowingly possess, in and affecting commerce, a firearm and ammunition . . . " *McGee*, Case No. 1:16-cr-00052, Document No. 9; *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020)(Although *Rehaif* makes clear that the government must prove that a defendant knew he was in the category of persons prohibited under federal law from possessing firearms, *Rehaif* did not impose a willfulness requirement or require the government to prove that the defendant knew his status prohibited him from owning a firearm).

present his claim" through Section 2255); also see Pollock v. Kallis, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where petitioner had an earlier "unobstructed procedural shot" at asserting his *Rehaif* claim). Therefore, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction.

Based on the foregoing, the undersigned proposes that the District Court construe Petitioner's Section 2241 Petition (Document No. 1) as a Section 2255 Motion and transfer such to the United States District Court for the Northern District of Iowa. To the extent Petitioner objects to the re-characterization of his Section 2241 Petition, the undersigned respectfully recommends that his Section 2241 Petition be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Section 2241 Petition (Document No. 1) as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, and **TRANSFER** it to the United States District Court for the Northern District of Iowa.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the

basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 19, 2021.

Omar J. Aboulhosn
United States Magistrate Judge