```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**CHRISTOPHER MCGEE,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:20-00360**

**WARDEN C. MARUKA,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation. Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on March 19, 2021. In that Proposed Findings and Recommendation ("PF&R"), Magistrate Judge Aboulhosn recommended that the district court construe plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 as a Motion Under § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, and transfer it to the United States District Court for the Northern District of Iowa. In the event, plaintiff objected to the recharacterization of his petition, Magistrate Judge Aboulhosn recommended that the petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in

which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

McGee filed objections to the PF&R. With respect to those objections, the court has conducted a de novo review.

On August 10, 2016, in the United States District Court for the Northern District of Iowa, McGee pled guilty to two counts of possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 15, 2016, he was sentenced to a total term of imprisonment of 168 months. Upon remand from the United States Court of Appeals for the Eighth Circuit, McGee was resentenced on May 10, 2017. At resentencing, McGee once again received a sentence of 168 months. McGee appealed and, on May 18, 2018, McGee's sentenced was affirmed on appeal.

In the instant petition, McGee argues that his convictions should be set aside based on the decision of the United States

Supreme Court in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019), which held that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to category of persons barred from possessing firearms. According to McGee, under Rehaif, his convictions must be vacated.

McGee objects to the PF&R's conclusion that his claims are not cognizable in § 2241. As Magistrate Judge Aboulhosn correctly noted, McGee challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255").

"That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568). "For most, that is the end of the road." Id.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge

4

his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Marlowe, 6 F.4th at 568. The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit has noted:

> [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . .

5

> or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted); Lester [v. Flournoy], 909 F.3d at 716. In other words, a test is not "inadequate" just because someone fails it.
>
> Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review. Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances." In re Jones, 226 F.3d at 333. "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations." Id.

Farkas, 972 F.3d at 556.

Because McGee had not yet filed a motion under Section 2255, Magistrate Judge Aboulhosn recommended that the court construe his petition as a 2255 Motion and transfer it to the sentencing court. In the event that McGee objected to recharacterization, the PF&R recommended that the petition be dismissed as McGee was unable to utilize the savings clause. See Castro v. United States, 540 U.S. 375, 383 (2003) (requiring notice prior to recharacterizing motion as motion to vacate).

Given his objection to recharacterization and his argument that he is entitled to proceed under § 2241, the court will not transfer the matter to the sentencing court but will instead dismiss his petition because he is unable to proceed under 28 U.S.C. § 2241. See Jackson v. Revell, 546 F. App'x 194, 194 (4th Cir. Nov. 12, 2013) (dismissing § 2241 petition where petitioner

6

objected to recharacterization as a motion under 28 U.S.C. § 2255).

In Rehaif, the Court held that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to a category of persons barred from possessing firearms. 139 S. Ct. 2191, 2200 (2019). However, as discussed above, if McGee seeks to vacate his conviction and sentence, the vehicle for doing so is a motion under 28 U.S.C. § 2255. He may proceed under § 2241 only if he can satisfy the test set out in Jones. This he cannot do. McGee cannot show that he is entitled to use the savings clause under § 2241 because his claims could and should have been raised in a § 2255 motion. Magistrate Judge Aboulhosn concluded that plaintiff could not satisfy the second prong of the Jones or Wheeler tests because he "does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction." ECF No. 17 at 9. As the PF&R noted, Rehaif was decided on June 21, 2019 and McGee had until August 17, 2019 to file a timely Motion to Vacate under 28 U.S.C. § 2255. Therefore, any claim based upon Rehaif could (and should) have been presented in a timely § 2255 motion. "[A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the

7

prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Because McGee had an "unobstructed procedural shot at filing a § 2255 motion" based upon Rehaif, a § 2241 motion is unavailable to him.*

---

*It is also doubtful that McGee could prevail on his Rehaif claim. In Greer v. United States, 141 S. Ct. 2097, 2097 (2021), the Court held that a defendant who had stipulated to being a felon did not demonstrate that his substantial rights were affected due to a Rehaif error in jury instructions. As the Court put it:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. . . . In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Id.

Based on the foregoing, the court hereby **OVERRULES** plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court **DISMISSES** plaintiff's petition for Writ of Habeas Corpus and **DIRECTS** the Clerk to remove this matter from the court's docket.  McGee's motion for a status report or hearing (ECF No. 24) is **DENIED** and his motion to supplement legal authority (ECF No. 25) is GRANTED.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 20th day of March, 2023.

                                      ENTER:

                                      */s/ David A. Faber*
                                      David A. Faber
                                      Senior United States District Judge